GARRETT-CROMWELL ENGINEERING CO. et al. v. NEW YORK STATE STEEL CO.

(Circuit Court, W. D. New York.   June 20, 1908.)

No. 322, Equity.

SALES (§ 461*)—CONDITIONAL SALES—FORM OF INSTRUMENT RESERVING TITLE.
    A reference in a written contract for the sale of boilers to the specifications, "copies of which are attached hereto and form a part of this agreement," made a provision of such specifications reserving title to the boilers in the seller until paid for a part of the contract.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1349; Dec. Dig. § 461.*]

On Exceptions to Report of Special Master.

Edward C. Randall and William Meade Fletcher, for petitioner.
Shire & Jellinek, for receivers.
Cecil B. Wiener, for William S. Humbert.

HAZEL, District Judge.   The receivers of the defendant oppose the confirmation of the report of the master on the ground that the specification covering the conditional sale of the boilers furnished and delivered to defendant was in fact not a part of the contract, and that the real contract between the vendor and the defendant did not contain any provision for retaining the title to the boilers in the vendor until paid for.   The reference in the written contract to furnish boilers, "as per proposition and specification * * * copies of which

are attached hereto and form a part of this agreement," is comprehensive enough to include the clause contained in the specification reserving title to the property. Such clause embodies language from which the intention of the parties that the title should remain in the vendor is clearly ascertainable. For instance, it is provided that "when accepted (the specification) it shall constitute a part of the contract." This would seem to indicate that the provisions contained in the specifications were a part of the contract or additions thereto. Considering the contract in its entirety—and I do not perceive that there are any inconsistent provisions—it may be fairly presumed that the specification and the clause in question were approved by the defendant, inasmuch as the work of installing the boilers went forward after execution of the contract. In such circumstances the defendant cannot now plead ignorance of a conspicuously important provision of a written agreement under which the ten boilers were delivered to it.

The master has correctly decided the issues in controversy, and his report is affirmed.